IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
READING DIVISION

| | | |
|---|---|---|
| ALLIED ENVIRONMENTAL SERVICES, INC., T/A ALLIED WELL DRILING | : : : | No. |
| Plaintiff | : : | |
| v. | : : | |
| TERRACON CONSULTANTS, INC. | : : | |
| Defendant | : : | |

# COMPLAINT

Plaintiff, Allied Environmental Services, Inc. files this complaint against Defendant, Terracon Consultants, Inc., as follows:

## Parties, jurisdiction, and venue

1. Plaintiff Allied Environmental Services, Inc. t/a Allied Well Drilling is a Maryland corporation with a principal place of business located in Maryland and a place of business located in Reading, Pennsylvania.

2. Defendant is Terracon Consultants, Inc., a Delaware corporation with a principal place of business located in New Jersey.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and the parties are citizens of different states.

4. Venue is proper under 29 U.S.C. § 1391(b)(2) because a substantial part of the events of omissions giving rise to the claim occurred in the Eastern District of Pennsylvania and in Berks County, Pennsylvania.

5. Venue is also proper under 28 U.S.C. § 1391(b)(3) because Defendant is subject to personal jurisdiction in this judicial district.

## Background

6. Allied is a contractor that installs geothermal loops for geothermal heating and cooling systems and geotechnical and environmental drilling services for customers on the eastern seaboard.

7. In June 2019, Allied executed defendant's subcontractor master services agreement, which establish the terms and conditions of the relationship between Allied and defendant for all work defendant authorized Allied to perform.

8. Under that contract, Terracon made a written request for services from Allied for drilling services at construction projects located in Pennsylvania.

9. Under that contract, Terracon authorized all of Allied's work.

10. On or about May 28, 2021, under the contract and as requested by Terracon, Allied performed drilling services for Terracon at a construction project located in Berwick, Pennsylvania.

11. On May 28, 2021, Allied submitted to Terracon an invoice for the work it performed that day. A copy of the invoice is attached at exhibit A.

12. On June 30, 2021, under the contract and as requested by Terracon, Allied performed drilling services for Terracon at a construction project located in Altoona, Pennsylvania.

13. On June 30, 2021, Allied submitted to Terracon an invoice for the work it performed that day. A copy of the invoice is attached at exhibit B.

14. On July 30, 2021, under the contract and as requested by Terracon, Allied performed drilling services for Terracon at a construction project located in Mountain Top, Pennsylvania.

15. On July 30, 2021, Allied submitted to Terracon an invoice for the work it performed that day. A copy of the invoice is attached at exhibit C.

16. Defendant has failed to pay Allied.

17. Allied completed its work on the Berwick, Altoona, and Mountain Top projects in a good and workmanlike manner.

18. Defendant accepted Allied's work.

19. Defendant never provided written notice to Allied that its work was defective or deficient.

20. Defendant did not provide Allied with a written good-faith reason for withholding payment to Allied.

## CAUSES OF ACTION

### COUNT I
### Breach of Contract

21. Allied incorporates the previous paragraphs by reference.

22. Allied fully performed all services that Defendant requested.

23. Defendant's failure to pay Allied is a breach of contract.

24. As a result of Defendant's failure to pay Allied, Allied has suffered damages of $71,750 in principal, $11,713.50 in interest and penalties (as of the date of this complaint and still accruing) and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, Allied Environmental Services, Inc., demands judgment in its favor and against Defendant, Terracon Consultants, Inc., for the principal amount of $71,750 together with statutory interest, statutory penalties, costs incurred and reasonable attorney's fees for a total award in excess of $75,000, and any other relief that the court deems appropriate.

## COUNT III
### Violation of the Pennsylvania Contractor and Subcontractor Payment Act
### (73 .S. § 501, et. seq.)

25. Allied incorporates the preceding paragraphs by reference.

26. Allied provided labor, materials and services to Defendant as a contractor on a private demolition project located in Pennsylvania.

27. Under the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, et seq. (the "Payment Act"), Allied is a contractor entitled to payment because it performed according to the terms of the Contract.

28. Defendant's failure to pay Allied in accordance with the Payment Act for labor, materials and services performed on the Project is a violation of the Payment Act.

29. Defendant's failure to provide written notice to Allied of any deficiency in Allied's work within fourteen (14) days of receiving Allied's invoices constitutes a

waiver of any basis to withhold payment and necessitates payment to Allied in full for the invoice.

30. Under the terms of the Payment Act, Allied is entitled to recover the principal amount of $71,750 due and owing from Defendant plus interest at 1% per month, penalties at 1% per month, and reasonable attorney's fees and costs incurred in this matter.

WHEREFORE, Plaintiff, Allied Environmental Services Inc., demands judgment in its favor and against Defendant, Terracon Consultants, Inc. for the principal amount of $71,750 plus statutory interest, penalties, and reasonable attorney's fees and cost under the Pennsylvania Contractor and Subcontractor Payment Act for a total award in excess of $75,000 and any other relief that is proper and just.

Respectfully submitted,

Dated: March 28, 2022

*/s/ Walter S. Zimolong*
WALTER S. ZIMOLONG, ESQUIRE
Zimolong, LLC
Attorney I.D. 89151
wally@zimolonglaw.com
PO Box 552
Villanova, PA 19085-0552
Tele: 215-665-0842